# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEWAYNE HOLMES, ) | 1:01-CV-6359 AWI WMW P |
| Plaintiff, ) | ORDER DIRECTING ENTRY OF DEFAULT JUDGMENT AND DENYING MOTION FOR SUMMARY JUDGMENT AS MOOT |
| v. ) | |
| C. PLATH, ) | **(Document #70)** |
| Defendant. ) | |

This is a civil action for damages in which the Clerk of the Court previously entered default. Plaintiff now seeks the entry of a default judgment in his favor.

## BACKGROUND

This action proceeds on the January 16, 2002, first amended complaint. Plaintiff is an inmate in the custody of the California Department of Corrections at Mule Creek State Prison. Plaintiff brings this civil rights action against Correctional Officer Craig Plath for conduct that occurred while plaintiff was housed at the Substance Abuse Treatment Facility at Corcoran. Plaintiff claims that he was subjected to unwanted sexual advances by defendant Plath. Plaintiff brings this action pursuant to 42 U.S.C. § 1983.

Plaintiff specifically alleges that between November of 2000 and January of 2001, defendant Plath "on numerous occasions sexually assaulted plaintiff by cuffing plaintiff up and rubbing himself against against plaintiff forcefully and threatening plaintiff to let defendant C. Plath grab plaintiff's

penis and stroke it." [sic] (Am. Compl. at 4:2-5).  Plath allegedly warned plaintiff that if plaintiff didn't comply, "during a cell search a homemade knife could easily be found, keeping plaintiff in prison for life." Id.  Plaintiff was also forced to stand naked, and write letters to "satisfy" Plath.

Plaintiff filed a grievance, and wrote "numerous legal letters to Sacramento."  Plaintiff lists the various officials to whom he sent letters.  Plaintiff alleges that his letters were not acknowledged, and officers "refused to redress his situation and threw out legal mail threatened and harassed plaintiff." Id. at 3:24.

The Ninth Circuit has held that sexual harassment can constitute an Eighth Amendment violation, but not in a case without physical contact.  Bowie v. California Dept. of Corrections, 99 F.3d 1145 (9th Cir. 1991), citing Jordan v. Gardner, 986 F.2d 1521 (9th Cir. 1993); Hernandez v. Denton, 861 F.2d 1421 (9th Cir.), cert. denied, 112 S.Ct. 75 (1991).  Here, plaintiff has alleged that Plath rubbed up against him while he was cuffed, and suggested that plaintiff grab his penis.  The court found that plaintiff  stated a claim for sexual harassment as to defendant Plath.

Service of the summons and complaint in this action was made on Defendant on November 25, 2002.   Defendant did not file an answer or any other respond to Plaintiff's complaint. Therefore, on March 19, 2003, following Plaintiff's request, the court entered default against Defendant in this action.

## LEGAL STANDARD

Plaintiff, having obtained a default against Defendant, now seeks entry of a default judgment and an award of damages. The controlling federal rule is Rule 55, Federal Rules of Civil Procedure, which provides in pertinent part as follows:

> (a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.
> (b) Judgment. Judgment by default may be entered as follows:
> (1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.
> (2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered

against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

"'The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.' (citations omitted)." Televideo Systems, ms, Inc. v. Heidenthal, 826 F.2d 915, 917 -18 (9$_{th}$ Cir. 1987) (quoting Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir.1977).

The court previously denied Plaintiff's request for the entry of default on the ground that Plaintiff had failed to submit any evidence of damages pursuant to Rule 55(b)(2).  Plaintiff, an incarcerated prisoner proceeding pro se, has limited opportunities in which to submit evidence to prove damages.  On September 30, 2006, the court denied Plaintiff's request to conduct discovery in order to determine damages, finding that Plaintiff had failed to identify any specific discovery that would lead to the determination of damages.

The court finds that in the interest of justice, damages should be awarded to Plaintiff. The facts of the complaint clearly state that a violation of Plaintiff's civil rights occurred, as defendant Plath engaged in conduct that constitutes sexual harassment within the meaning of the Eighth Amendment.  Defendant Plath has been served with the complaint, and a clerk's default has been entered.  The court finds that Plaintiff has made a good faith effort to prove damages.   Plaintiff initially sought 7 million dollars in damages, then reduced that demand to $70,000.00.  The court finds that it is just to compensate Plaintiff for his subjection to sexual harassment.

Accordingly, THE COURT HEREBY ORDERS that:

1. Default judgment be entered against Defendant and for Plaintiff, and that damages be awarded for violation of 42 U.S.C. Section 1983, the sum of $20,000.00 in

compensatory damages and $20,000 in punitive damages.

2. Plaintiff's motion for summary judgment filed on October 30, 2006, be denied as moot.

3. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   September 21, 2007                        /s/ Anthony W. Ishii
                                         UNITED STATES DISTRICT JUDGE