UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEWAYNE HOMES,<br><br>    Plaintiff,<br><br>    vs.<br><br>C. PLATH,<br><br>    Defendant. | 1:01-cv-06359-AWI-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT PLATH'S MOTIONS TO SET ASIDE DEFAULT JUDGMENT AND TO STAY ENFORCEMENT OF JUDGMENT BE DENIED<br>(Doc. 85.)<br><br>OBJECTIONS, IF ANY, DUE IN 30 DAYS |

This is a civil action for damages in which the Court entered default judgment in favor of plaintiff Dewayne Holmes ("Plaintiff") and against defendant Craig A. Plath ("Defendant") and awarded Plaintiff $20,000 in compensatory damages and $20,000 in punitive damages on September 24, 2007, closing the case. (Doc. 79.) Defendant now brings motions to set aside the default judgment and to stay enforcement of the judgment.

**I.    BACKGROUND**

This case proceeded on Plaintiff's First Amended Complaint, filed on January 16, 2002. (Doc. 8.) At the time of the events at issue in the complaint, Plaintiff was an inmate in the custody of the California Department of Corrections at the Substance Abuse Treatment Facility ("SATF") in Corcoran, California. Plaintiff brought this civil rights action under 42 U.S.C. § 1983 against Correctional Officer Craig A. Plath, for subjecting Plaintiff to unwanted sexual advances in violation of the Eighth Amendment.

Service of the summons and complaint in this action was made on Defendant on November 18, 2002. (Doc. 18.) Defendant did not file an answer or any other response to Plaintiff's complaint. On March 19, 2003, following Plaintiff's request, the Clerk of Court entered default against Defendant. (Doc. 23.) On September 24, 2007, following Plaintiff's motion, the Court granted default judgment against Defendant and awarded Plaintiff $40,000 in damages, closing the case. (Doc. 79.) On September 28, 2009, Defendant filed motions to set aside the default judgment and to stay enforcement of the judgment. (Doc. 85.) On October 8, 2009, following Plaintiff's request, the Court issued an abstract of judgment for $40,000 against Defendant. (Doc. 88.) On September 16, 2010, the case was reassigned to the undersigned, and Plaintiff was ordered to file a response to Defendant's motions. (Doc. 89.) On December 15, 2010, Plaintiff filed a response to Defendant's motions. (Doc. 90.) Defendant has not filed a reply.

Defendant's motions to set aside the default judgment and to stay enforcement of the judgment are now before the Court.

**II.     MOTION TO SET ASIDE DEFAULT JUDGMENT**

   **A.     Legal Standard**

A district court may set aside a default judgment under Federal Rule of Civil Procedure 60(b). Fed. R. Civ. P. 55(c). Rule 60(b) provides, in part, "the court may relieve a party ... from a final judgment ... for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... (3) fraud ... misrepresentation, or misconduct by an opposing party; (4) the judgment is void...; (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). "A final judgment is void, and therefore must be set aside under Federal Rule of Civil Procedure 60(b)(4), 'only if the court that considered it lacked jurisdiction ... over the parties to be bound.'" Securities and Exchange Commission v. Internet Solutions for Business, Inc., 509 F.3d 1161, 1165 (9th Cir. 2007) (quoting United States v. Berke, 170 F.3d 882, 883 (9th Cir. 1999)). "A motion under Rule 60(b) must be made within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). A defendant moving to have a default judgment set aside under Rule 60(b) generally has the burden of proving that he is entitled to relief. See id. at 1165-66. "'A signed

2

return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence.'" Id. at 1166 (quoting O'Brien v. R.J. O'Brien & Assocs., Inc., 988 F.2d 1394, 1398 (7th Cir. 1993)).

### B.   Defendant's Motion

Defendant declares under penalty of perjury that he never received notice of Plaintiff's complaint. Defendant also asserts that Plaintiff knowingly and purposefully continued to incorrectly serve him at California Attorney General's Office, knowing that Defendant was no longer a State employee. Defendant also denies the allegations brought against him in Plaintiff's complaint, stating that he never had any inappropriate physical contact with Plaintiff and that all inmate movement was coordinated by at least one other officer who electronically opened and closed the cell doors in plain view.

In opposition, Plaintiff argues that Defendant has not overcome his burden to show that service was not made, because evidence shows that Defendant actually signed the waiver of service. Plaintiff submits a copy of a Waiver of Service of Summons with Defendant's signature dated November 18, 2002. (Opp'n, Doc. 90, Exh. A.) Plaintiff also argues that Defendant's motion, filed more than two years after the default judgment was entered, was not timely filed under Rule 60(b) which requires the motion be filed within a reasonable time and, for relief under Rule 60(b)(1-3), no more than one year after entry of the judgment.

### C.   Discussion

Defendant's only evidence that he was not served with the complaint in this action is his statement, under penalty of perjury, that he "never received notice of any complaint from which default judgement was based." (Motion, Doc. 85 at ¶1.) Defendant offers no other evidence.

The Court's record contains the following. On August 15, 2002, the Court entered an order directing the United States Marshal to serve the summons and complaint upon defendant Plath. (Doc. 15.) On November 25, 2002, a Return of Service executed as to defendant Plath was filed with the Court. (Doc. 18.) The Return of Service consists of the original summons and the original USM-285 form used by the Marshal, listing Defendant's address at SATF. Id. The USM-285 form, signed by the

3

1 Marshal and dated November 18, 2002, certifies that the Marshal has "legal evidence of service" and
2 contains the following notations:  8/21/02 - Mailed Waiver Letters; 8/30/02 - Returned from institution
3 as no longer employed with CDC; 9/5/02 - Requested last known address from CDC; and 9/19/02 -
4 Mailed to last-known address. Id.  On November 25, 2002, a Waiver of Service of Summons was filed
5 with the Court.  (Doc. 19.)  The Waiver, dated November 18, 2002 and signed "Craig Plath," states, in
6 part:

> "I, C. Plath, Correctional Officer, acknowledge receipt of your request that I waive service of a summons in the action of DEWAYNE HOLMES vs. C. PLATH, et al., which is case number **CV F-01-6359 AWI HGB P** in the United States District Court for the Eastern District of California. *I have also received a copy of the complaint in the action, ... I understand that a judgment may be entered against me ... if an answer or motion under Rule 12 is not filed within the U.S. District Court and served upon plaintiff within 60 days after September 19, 2002*." Id. (emphasis added)

11 The signature "Craig Plath" dated November 18, 2002 on the Waiver of Service, Doc. 19, greatly
12 resembles the signature "Craig A. Plath" dated September 28, 2009 on defendant Plath's motion to set
13 aside the default judgment, Doc. 85.

14 Defendant's denial of the allegations against him in the complaint, and his claim that Plaintiff
15 erroneously served him at the Attorney General's Office do not support his motion to set aside the
16 default judgment.  The merits of the case are not at issue in deciding whether Defendant is in default,
17 and Plaintiff had no duty to serve Defendant at his correct address, because Defendant never appeared
18 in the action.

19 Defendant offers no explanation why he waited so long after the default judgment was entered
20 before he responded  in this action.  The default judgment was entered on September 24, 2007, and
21 Defendant waited more than two years until September 28, 2009 before filing the motion to set aside the
22 judgment.  Without knowing Defendant's circumstances, the Court cannot find that Defendant filed his
23 motion within a reasonable time under Rule 60(b).

24 The Court finds, after consideration of the evidence before it, that Defendant has not offered
25 strong and convincing evidence that he was not served with process in this action, or evidence that other
26 grounds exist to set aside the default judgment in this action.  Defendant has not met his burden of
27 demonstrating that he is entitled to relief.  Therefore, Defendant's motion should be denied.

### III. MOTION TO STAY ENFORCEMENT OF JUDGMENT

Defendant also brings a motion for the Court to stay enforcement of the judgment. The granting of a stay of execution is discretionary with the court. Lineker v. Dillon, 275 F. 460, 470 (D.C. Cal, 1921). Defendant makes no argument, apart from the arguments addressed above, in support of his motion to stay enforcement of the judgment, and the Court finds no good cause to impose a stay. Therefore, Defendant's motion should be denied.

### IV. RECOMMENDATION AND CONCLUSION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Defendant's motions to set aside the default judgment in this action and to stay enforcement of the judgment, filed on September 28, 2009, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, any party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 24, 2011**         **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE