IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEWAYNE HOLMES, | 1:01-cv-06359-AWI-GSA-PC |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |
| vs. | (Doc. 91) |
| C. PLATH, | ORDER DENYING DEFENDANT PLATH'S MOTION TO SET ASIDE DEFAULT JUDGMENT AND STAY ENFORCEMENT OF JUDGMENT |
| Defendant. | (Doc. 85.) |

Dewayne Holmes ("Plaintiff") is a state prisoner proceeding with counsel in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 24, 2011, findings and recommendations were entered, recommending that Defendant Plath's motion to set aside the default judgment and stay enforcement of the judgment be denied. (Doc. 91.) On February 25, 2011, Defendant Plath filed objections to the findings and recommendations. (Doc. 92.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, including Defendant Plath's objections, the Court finds the findings and recommendations to be supported by the record and proper analysis.

1

In his objections, Defendant Plath argues that the default judgment should be set aside because he cannot recall signing the waiver of service of summons or receiving a copy of Plaintiff's complaint at the time of service of process in this action.  Although Defendant Plath acknowledges that the signature on the waiver of service resembles his signature, he states that he would never have knowingly signed away his opportunity to defend Plaintiff's accusations against him.  Defendant Plath claims that he was not aware of this action against him until August 2009 when Plaintiff's attorney began collection proceedings.

Defendant Plath has not met his burden of proving that he is entitled to relief.  As explained by the Magistrate Judge, "[a] signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence."  Securities and Exchange Commission v. Internet Solutions for Business, Inc., 509 F.3d 1161, 1166 (9th Cir. 2007). Defendant Plath cannot overcome this presumption of service by merely denying that he did not receive the complaint.  In light of the evidence that Plaintiff signed the waiver of service, Plaintiff's assertion that he does not recall receiving a copy of the complaint is not strong and convincing evidence that he was not properly served.

Accordingly, THE COURT HEREBY ORDERS that:

1.  The Findings and Recommendations issued by the Magistrate Judge on January 24, 2011, are adopted in full; and

2.  Defendant Plath's motion to set aside the default judgment and stay enforcement of the judgment is DENIED.

IT IS SO ORDERED.

Dated:   March 9, 2011

CHIEF UNITED STATES DISTRICT JUDGE

2